UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID JONES,

    Plaintiff,                                 Case No. 14-11642

                                              Paul D. Borman
v.                                               United States District Judge

NATIONSTAR MORTGAGE LLC,
DEUTSCHE BANK NATIONAL
TRUST COMPANY, and UNKNOWN
TRUST,

    Defendants.
_____/

OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NO. 6)

Before the Court is Defendants Nationstar Mortgage LLC ("Nationstar") and Deutsche Bank National Trust Company's (Deutsche Bank) (collectively "Defendants") Motion to Dismiss. (ECF No. 11.) Plaintiff filed a Response (ECF No. 9) and Defendants filed a Reply (ECF No. 10) and a Supplemental Brief (ECF No. 11). The Court held a hearing on Thursday, August 28, 2014. For the reasons that follow, the Court GRANTS the Motion to Dismiss and DISMISSES Plaintiff's Complaint with prejudice.

**INTRODUCTION**

This is a mortgage foreclosure case brought on behalf of Plaintiff David Jones by the Gantz Associates law firm.[1] For the reasons that follow, based upon clear legal precedent, the Court rejects

---

[1] The Gantz firm has recently been warned by Chief United States District Judge Gerald R. Rosen of this District "that consistently advancing the same rejected legal theories and pleadings borders on sanctionable and ethical misconduct." *Thill v. Ocwen Loan Servicing, LLC*, __F. Supp. 2d__, 2014 WL 1274080, at *3 (E.D. Mich. March 31, 2014). Gantz was warned by Judge Rosen

1

each of Plaintiff's claims, and grants Defendants' Motion to Dismiss.

**I.     BACKGROUND**

On January 13, 2005, Plaintiff signed a promissory note (the "Note") (Defs.' Mot. Ex. 1) promising to repay a loan of $133,500 (the "Loan") from non-party American Equity Mortgage, Inc. ("American Mortgage") and executed a Mortgage (the "Mortgage," Pl.'s Compl. Ex. A) in favor of American Mortgage against real property located at 17321 Cherrylawn, Detroit, Michigan 48221 (the "Property') as security for the Note.[2] The Mortgage was recorded with the Wayne County Register of Deeds on January 28, 2005 and was assigned to Centex Home Equity on May 31, 2005. The Assignment was recorded with the Wayne County Register of Deeds on June 9, 2005. (Defs.' Mot. Ex. 2, Assignment of Mortgage.) Centex later changed its name to Nationstar Mortgage. (Defs.' Mot. Ex. 3.)

According to the allegations of Plaintiff's Complaint, in November, 2012, Plaintiff contacted the servicer of his loan and requested assistance with changing the terms of his loan, which had become financially difficult for Plaintiff to pay. (Compl. ¶¶ 20-22.) Plaintiff alleges that he was told

---

regarding the firm's continued reliance on its theory of "paperwork hell," a concept that has been rejected at the dispositive motion stage in multiple similar filings by Gantz on behalf of foreclosed homeowners in this Court. Undeterred by Judge Rosen's stern March 5, 2014 warning in *Thill*, Gantz proceeded to file this case just one month later, propounding again the "paperwork hell" theory, on or about April 11, 2014.

[2] Plaintiff attached a copy of the Mortgage to his Complaint but did not attach any of the other loan-related documents to which he refers repeatedly throughout his Complaint, including the Note, Mortgage Assignment(s), communications regarding Plaintiff's alleged loan modification efforts. These documents, although not attached to the Complaint, are referred to in the Complaint and are central to Plaintiff's Fourteen-Count Complaint. Accordingly, the Court may consider these documents, and any matters of public record that pertain to the allegations of Plaintiff's Complaint, many of which are attached to Defendants' response, without converting the motion to one for summary judgment. *See Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999); *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007).

he must fall behind in his payments before being eligible for a loan modification. Plaintiff complied and fell behind on his loan payments, going into default on his Loan.

On February 3, 2013, Plaintiff submitted a financial package to Joy Collins in Nationstar's Foreclosure Prevention Department. *Id*. ¶¶ 24-25. Plaintiff claims he was then put through "Paperwork Hell" as various Nationstar representatives told him to submit documentation that he had already submitted and continually claimed his package was incomplete. *Id*. ¶¶ 31-39. Plaintiff claims that during this period he was repeatedly told over the phone that his loan would not be submitted for foreclosure during the modification review. *Id*. ¶ 40.

Plaintiff submitted paperwork seeking approval for a loan modification under the Home Affordable Modification Program ("HAMP"). On March 31, 2013, Nationstar sent Plaintiff a letter stating that his loan application was under review, explaining that no foreclosure sale would be conducted, and Plaintiff that would not lose his home, during the HAMP evaluation process. (Pl.'s Compl. Ex. K.) On April 7, 2013, Nationstar wrote Plaintiff and informed him that his documentation regarding sources of income was incomplete. (Defs.' Mot. Ex. 6.) On May 9, 2013, Nationstar wrote Plaintiff and informed him again that his documentation regarding sources of income was incomplete. *Id*. Ex. 7. On May 30, 2013, Nationstar wrote Plaintiff and informed him that he did not meet the HAMP program guidelines. *Id*. Ex. 8. The May 30, 2013 letter from Nationstar explained that the foreclosure process would continue but that the Plaintiff's home would not be sold for a period of 30 days following the date of the notice of the non-approval of Plaintiff's HAMP modification request. *Id*.

On August 15, 2013, Plaintiff's home was sold at a foreclosure sale. While Plaintiff alleges that even after the sale, Nationstar continued to misrepresent that he was still being considered for

a loan modification, there is no further documentation following the May 30, 2013, communication from HAMP denying Plaintiff's HAMP loan to support these allegations. (Compl. ¶¶ 59-60.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id*. (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id*. at 555 (internal citations omitted). Dismissal is appropriate if the plaintiff has failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Id.* at 570. The Supreme Court clarified the concept of "plausibilty" in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a

>complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Id*. at 1948-50. A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 127 S.Ct. at 1965). Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 127 S.Ct. at 1969). While a "*pro se* complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), still under even this lenient standard *pro se* plaintiffs must meet basic pleading requirements. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The leniency granted to *pro se* plaintiffs "does not require a court to conjure allegations on a litigant's behalf." *Id*. at 714 (internal quotation marks and citation omitted).

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint or that are central to plaintiff's claims (2) matters of which a court may take judicial notice (3) documents that are a matter of public record and (4) letters that constitute decisions of a government agency. *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007). *See also Greenberg v. Life Ins. Co. Of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (finding that documents attached to a motion to dismiss that are referred to in the complaint and central to the claim are deemed to form a part of the pleadings). Where the claims rely on the existence of a written agreement, and plaintiff fails to attach the written instrument, "the defendant may introduce the pertinent exhibit," which is then considered part of the

5

pleadings. *QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003). "Otherwise, a plaintiff with a legally deficient claims could survive a motion to dismiss simply by failing to attach a dispositive document." *Weiner v. Klais and Co., Inc*., 108 F.3d 86, 89 (6th Cir. 1997).

### III.  ANALYSIS

#### A.  Count I - Foreclosure in Violation of Mich. Comp. Laws § 600.3204

In this Count, Plaintiff appears to challenge the record of chain of title to his Mortgage and the Assignment of his Mortgage. Plaintiff cannot challenge any aspect of the Assignment of his Mortgage because, as a nonparty to that assignment, he lacks standing to mount such a challenge absent a showing that he would be subject to double liability on his debt. *Livonia Property Holdings, LLC v. 12840–12976 Farmington Road Holdings, LLC*, 399 F. App'x 97, 102 (6th Cir. 2010). No such facts have been sufficiently alleged in Plaintiff's Complaint.

Furthermore, the public record demonstrates a clear chain of title as to Plaintiff's Mortgage, which was (1) granted to American Equity Mortgage and recorded with the Wayne County Register of Deeds on January 28, 2005 (Pl.'s Resp. Ex. M), (2) assigned from American Equity Mortgage to Centex Home Equity by Assignment recorded on June 9, 2005 (Defs.' Mot. Ex. 2). Centex Home Equity changed its name to Nationstar Mortgage, LLC on June 30, 2006 (Defs.' Mot. Ex. 3), which has been the Mortgagee of record since 2005. (Defs.' Mot. Exs. 2, 3.)

There is no requirement that Nationstar, the long-acknowledged record title holder of Plaintiff's Mortgage (and also not unimportantly the entity from whom Plaintiff sought a loan modification), also possess the underlying Note in order to proceed with foreclosure by advertisement. *Residential Funding Co., L.L.C. v. Saurman*, 490 Mich. 909, 910 (2011). Plaintiff's

challenges to the record chain of title and/or assignments of his Mortgage fail.

### B.  Count II - Violation of the Michigan Loan Modification Statute

The sole remedy for an alleged violation of Mich. Comp. Laws § 600.3205 is conversion of a pending foreclosure by advertisement proceeding to a judicial foreclosure. *Elsheick v. Select Portfolio Servicing, Inc.*, 566 F. App'x 492, 499 (6th Cir. 2014) (noting that the exclusive remedy for defendant's failure to comply with loan modification statute was to seek to convert the foreclosure proceeding to a judicial foreclosure and finding that plaintiff's failure to avail himself of that exclusive remedy while the foreclosure proceedings were ongoing barred his claim for relief and negated any claim of prejudice). *See also Block v. BAC Home Loans Servicing, L.P.*, 520 F. App'x 339, 340-41 (6th Cir. 2013) ("the remedy for breach of the loan-modification statute is to 'convert the foreclosure proceeding to a judicial foreclosure'"); *Smith v. Bank of America Corp.*, 485 F. App'x 749, 756 (6th Cir. 2012) (recognizing that the foreclosure modification statute provides an exclusive remedy allowing a plaintiff to convert a foreclosure by advertisement to a judicial foreclosure and that once the foreclosure sale has occurred, this relief is no longer available); *Wargelin v. Bank of America, NA*, No. 12-15003, 2013 WL 5587817, at *17 (E.D. Mich. Oct. 10, 2013) (holding same). There are no pending foreclosure proceedings in this case and Plaintiff's only avenue of relief is no longer available. *Ordway v. Bank of America, N.A.*, No. 13-13236, 2013WL 6163936, at *2 (E.D. Mich. Nov. 20, 2013).

### C.  Counts III and V - Violation of Real Estate Settlement and Procedures Act, 12 U.S.C. § 2601, et seq. ("RESPA")

RESPA contains a one-year statue of limitations, *see* 12 U.S.C. § 2614, and Plaintiff's claim regarding the failure to notify him of the 2005 assignment of his loan is time-barred. *Egerer v.*

7

*Woodland Realty, Inc.*, 556 F.3d 415, 421 n. 7 (6th Cir. 2009).  Furthermore, Plaintiff does not respond at all to Defendants' motion to dismiss the RESPA claim relating to an alleged failure on the part of Nationstar to respond to a March, 2014, communication with foreclosure counsel. (Compl. ¶ 117.)  Therefore, this claim (which in any event contains conclusory allegations that would not survive a *Twombly* analysis) is deemed waived.  "This Court's jurisprudence on abandonment of claims is clear: a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment."  *Brown v. VHS of Michigan, Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013) (citing *Hicks v. Concorde Career* Coll., 449 F. App'x. 484, 487 (6th Cir. 2011)).

      **D.**      **Counts IV and XIV - Violations of the Truth in Lending Act, 15 U.S.C. § 1641(g) ("TILA") and Regulation Z, 12 C.F.R. 226.39**

Plaintiff has failed to respond to Defendants' motion to dismiss the TILA claims in Counts IV and XIV other than to reiterate the conclusory allegations of the Complaint.  (Pl.'s Resp. p. ix.) These claims are properly deemed waived.  *See Brown*, 545 F. App'x at 372.  In any event, claims relating to any alleged failures to inform Plaintiff of the "transfers of his loan" that occurred in 2005 at the time Plaintiff's Mortgage was assigned are barred by TILA's one year statute of limitations. 15 U.S.C. § 1640(e).  While Plaintiff alleges that Defendants "fraudulently concealed" their TILA violations, his Complaint (paragraphs 121-22 and 196-97) is woefully inadequate in pleading facts that would support a claim of fraudulent concealment and his responsive brief does not even address the issue.  These claims are deemed waived and, in any event are barred by the applicable statute of limitations, and are dismissed.

### E.     Count VI - Negligent Administration of Loan

Plaintiff does not even refer to this Count in his Response. He is deemed to have waived this claim. *See Brown*, 545 F. App'x at 372. In any event, Plaintiff certainly supplies no authority for the proposition that a lender owes a borrower a common law duty of care. *See Yaldu v. Bank of America Corp.*, 700 F. Supp. 2d 832, 846 (E.D. Mich. March 31, 2010) (noting that a lender does not owe a duty of care to a loan applicant in evaluating the applicant's eligibility for a loan). *See also Dorr v. Wells Fargo Bank, N.A.*, No. 13-14526, 2014 WL 1328200, at *6 (E.D. Mich. March 28, 2014) (noting that *Yaldu* applies equally in the context of determining eligibility for a loan modification). This claim is dismissed.

### F.     Count VII - Michigan Brokers, Lenders and Servicers Licensing Act

Plaintiff alleges that Defendants' representations that Plaintiff's home would not be foreclosed upon while the HAMP process was taking place and simultaneously proceeding with the foreclosure violated the Michigan Brokers, Lenders and Servicers Licensing Act ("MMBLSLA"), Mich. Comp. Laws § 445.1672. The MMBLSLA requires a showing that the defendant engaged in "fraud, deceit, or material misrepresentation." Mich. Comp. Laws § 445.1972. The fundamental problem with Plaintiff's claim is that it is undisputed that Nationstar informed him on May 30, 2013, that he was not approved for a HAMP loan modification. (Defs.' Mot. Ex. 8.) The foreclosure sale did not take place until August 15, 2013, and the notice to Plaintiff inviting him to apply for a HAMP loan expressly stated that if foreclosure proceedings had been instituted, they would continue during the evaluation process – only the ultimate sale would be postponed during the evaluation period – and here it was. The HAMP letter that Plaintiff relies upon stated that while the HAMP evaluation was still in process, the home would not be sold at foreclosure. (Compl. Ex. K.) And it

9

was not. Plaintiff fails to identify a misrepresentation or to state what acts on the part of the Defendants constitute actionable fraud. This claim is dismissed.

### G. Count VIII - Breach of Contract

Michigan law requires that to establish a breach of contract, Plaintiff demonstrate: "(1) that there was a contract, (2) that the other party breached the contract and, (3) that the party asserting breach of contract suffered damages as a result of the breach." *Dunn v. Bennett*, 303 Mich. App. 767, 774 (2013) (internal quotation marks and citation omitted). Paragraph 22 of the Mortgage requires the Lender, if it invokes its power of sale upon default, to publish and post notice of sale in the manner prescribed by applicable law. (Compl. Ex. A, ¶ 22.) Plaintiff apparently claims that Defendant breached this provision of the Mortgage contract by failing to inform him as required by law that the foreclosure sale was going to take place and never apprising him of the sale until six months later, after the redemption period had expired, when he was sent a notice of eviction. (Pl.'s Resp. 5.)

The publicly filed records demonstrate that notice of the original date of sale scheduled for March 21, 2013, was posted as required by law. (Pl.'s Compl. Ex. M, Sheriff's Deed.) Indeed, Plaintiff acknowledges that this occurred. (Pl.'s Resp. 4.) However, the sale ultimately was adjourned to August 15, 2013. (Compl. Ex. M, Sheriff's Deed.) A fact which Plaintiff also acknowledges. (Pl.'s Resp. 4.) Adjournments of foreclosures by advertisement are governed by Mich. Comp. Laws § 600.3220, which provides:

> Such sale may be adjourned from time to time, by the sheriff or other officer or person appointed to make such sale at the request of the party in whose name the notice of sale is published by posting a notice of such adjournment before or at the time of and at the place where said sale is to be made, and if any adjournment be for more than 1 week at one time, the notice thereof, appended to the original notice of

> sale, shall also be published in the newspaper in which the original notice was published, the first publication to be within 10 days of the date from which the sale was adjourned and thereafter once in each full secular week during the time for which such sale shall be adjourned. No oral announcement of any adjournment shall be necessary.

"'Thus, under Michigan law, an adjournment of one week or less is valid if notice of the adjournment is posted before or at the time of the sale and at the place where the sale is to be made. If the adjournment is for more than one week, however, notice must also be published in the newspaper in which the original notice was published[.]'" *Yates v. U.S. Bank Nat. Ass'n*, 912 F. Supp. 2d 478, 490-91 (E.D. Mich. 2012) (quoting *Bramlage v. Wells Fargo Home Mortg., Inc.*, 144 F. App'x 489, 491 (6th Cir. 2005)). In *Yates*, the court concluded that given the defendants' failure to produce evidence that they had posted the required notices of adjournment, a reasonable juror could find that defendants did not comply with section 3220 and that plaintiffs had no advance knowledge that the August 15, 2013 foreclosure sale was going to take place, or any knowledge that it had taken place before the redemption period had expired. *Id*. at 491. This, the court concluded, created a genuine issue of material fact regarding whether defendants complied with Mich. Comp. Laws § 600.3220 by providing proper notice of adjournment.

In this case, Defendant has provided evidence of the proper posting of notices at the Wayne County Circuit Courthouse of the weekly adjournments of the sale of Plaintiff's Property. *See* ECF No. 11, Defendants' Supplemental Brief Regarding Motions to Dismiss, Ex. A, Notices of Adjournment). Because Plaintiff has failed to provide evidence to rebut the evidence of proper posting of the notices of adjournment, Plaintiff has no viable claim under § 600.3220. *See Bramlage*, 144 F. App'x 489, 495 (6th Cir. 2005) (finding that the district court properly granted summary judgment in favor of Wells Fargo where they provided evidence in the form of weekly

adjournment notices that were properly posted in the municipal building); *Ashford v. Bank of America, N.A.*, No. 13-12153, 2013 WL 5913411, at *7 (E.D. Mich. Oct. 31, 2013) (where defendant attached eighty-three notices of adjournment bearing the signature of the deputy sheriff attesting that they were properly posted at the place of sale on a weekly basis, plaintiff could claim no prejudice based upon lack of notice where they never claimed to have visited the place of sale to see if notices of adjournment had been posted).

### H.     Counts IX and X - Intentional and Constructive Fraud

Michigan's statute of frauds, Mich. Comp. Laws § 566.132, requires that any agreement by a financial institution to modify a loan agreement or forbear from proceeding with their foreclosure rights must be in writing and signed by an authorized agent of the financial institution. Section 566.132 provides in relevant part:

> (2) An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
>
> > (a) A promise of commitment to lend money, grant or extend credit, or make any other financial accommodation.
> >
> > (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.
> >
> > (c) A promise of commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

Mich. Comp. Laws § 566.132.

This statutory provision has been strictly enforced to bar any type of claim against a financial institution that is not supported by a written document signed by an authorized agent of the financial

12

institution. *See Crown Technology Park v. D&N Bank, FSB*, 242 Mich. App. 538, 550 (2000) (holding that, under the "unqualified and broad ban" of section 566.132, "a party is precluded from bringing a claim - no matter its label - against a financial institution to enforce the terms of an oral promise . . . including actions for promissory estoppel"). In *Loeffler v. BAC Home Loans Servicing*, No. 11-13711, 2012 WL 666750 (E.D. Mich. Feb. 29, 2012), this Court faced a scenario where plaintiff claimed that representatives of the defendant loan servicer "recommended that he stop paying his mortgage and apply for modification again after his first missed payment." *Id.* at *1. Plaintiff in *Loeffler* alleged that he missed his next mortgage payment, received a loan modification packet but that while his request for a modification was being processed, defendants instituted foreclosure proceedings on his property. *Id.* This Court rejected plaintiff's fraud and misrepresentation claims, agreeing with several decisions in this district "that misrepresentation claims based on alleged promises to modify home mortgages are barred by the Michigan Statute of Frauds." *Id.* at *5.

*Crown Technology* dictates that, no matter the label they place on their claim, plaintiffs are precluded from bringing claims against financial institutions to enforce the terms of oral promises to waive or modify the terms of a loan. *See also Dingman v. OneWest Bank, FSB*, 859 F. Supp. 2d 912, 919 (E.D. Mich. 2012) (citing *Crown Technology* and dismissing plaintiffs' fraud claims that would require the court to enforce alleged oral promises and representations in contravention of the statute of frauds); *Snell v. Wells Fargo Bank*, No. 11-12018, 2012 WL 1048576, at *6-7 (E.D. Mich. March 28, 2012) (citing *Crown Technology* and finding that under Michigan statute of frauds, a party is precluded from bringing any claim against a financial institution to enforce the terms of an oral promise and rejecting plaintiff's attempt to rely on alleged unwritten promises by its lender to enter

13

into a loan modification agreement or to forbear from foreclosure); *Heikkinen v. Bank of America, N.A.*, No. 11-13532, 2012 WL 628608, at *7 (E.D. Mich. Feb. 27, 2012) ("Because Plaintiff presents no evidence of a writing signed by Defendants promising to modify her loan documents, her claims based on any such promise do not survive Defendants' motion for summary judgment and are dismissed."); *Meyer v. Citimortgage, Inc.*, No. 11-13432, 2012 WL 511995, at *9 (E.D. Mich. Feb. 16, 2012) (dismissing "claim [] based on an unwritten agreement by CMI to consider plaintiffs for a loan modification," finding that "a promissory estoppel claim is also barred by the statute of frauds"); *Ajami v. IndyMac Mtg. Services*, No. 09-13488, 2009 WL 3874680, at *2 (E.D. Mich. Nov. 13, 2009) (finding that oral promises to modify a loan "fall squarely within the express language of M.C.L. § 566.132(2)(b) and (c)" and dismissing plaintiffs' claims based on plaintiffs' failure to provide documentary evidence establishing a promise of financial accommodation).

No matter the spin Plaintiff puts on his fraud claim, it is based upon alleged oral representations that cannot form the basis for a claim of fraud against a financial institution under Michigan law. Nothing that Plaintiff received in writing contains an actionable misrepresentation, as discussed *supra*. Nationstar informed Plaintiff in writing on May 30, 2013, that he was not approved for a HAMP loan. Plaintiff's fraud claims are dismissed.

### I. Count XII - Violation of Michigan Fair Debt Collection Practices Act

Plaintiff fails to respond to Defendants' motion to dismiss this claim and for this reason the claim is deemed waived. *See Brown*, 545 F. App'x at 372. In any event, Defendants are not "debt collectors" within the meaning of the FDCPA. Collecting its own debts, Nationstar was a "creditor," not a "debt collector" as defined by the FDCPA. *Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2003).

### J. Count XIII - Violation of Michigan Regulation Collection Practices Act

Plaintiff's only response to the Defendants' motion to dismiss this claim is that its Complaint incorporated all previous allegations of the Complaint and therefore included reference to Exhibit K, the letter from Nationstar informing Plaintiff that his home would not be sold at a foreclosure sale while his HAMP application was being evaluated. As discussed *supra*, the sale took place after Nationstar informed Plaintiff that he was not approved for a HAMP loan. Plaintiff fails to articulate a sufficient factual basis for this claim, which is dismissed.

### K. Count XI - Civil Conspiracy

"'[A] claim for civil conspiracy may not exist in the air; rather, it is necessary to prove a separate, actionable, tort.'" *Keyes v. Deutsche Bank Nat. Trust Co.*, 921 F. Supp. 2d 749, 763 (E.D. Mich. 2013) (quoting *Petroleum Enhancer, LLC v. Woodward*, 690 F.3d 757, 769 (6th Cir. 2012) (alteration in original). Because each of Plaintiff's claims against Defendants has been dismissed, and therefore Plaintiff has not established a separate, actionable tort, Plaintiff's claim of civil conspiracy is dismissed.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss (ECF No. 6) and DISMISSES Plaintiff's Complaint WITH PREJUDICE.

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: October 16, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 16, 2014.

                                              s/Deborah Tofil
                                              Case Manager